USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2-3-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Dimopoulou,

          Plaintiff,  : 1:13-cv-7159 (ALC)

   -against-        : <u>OPINION AND ORDER</u>

First Unum Life Insurance Company et al.,

         Defendants. :
-----------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Dimitra Dimopoulou brought suit under § 1132 of the Employee Retirement Income Security Act ("ERISA"), alleging that Defendant First Unum Life Insurance Company. ("Unum") wrongfully denied her disability benefits under the terms of a long-term disability ("LTD") plan. The parties cross-moved for summary judgment. In the January 25, 2016 Memorandum & Order (the "Opinion"), the Court denied the parties' cross-motions and remanded the case to Unum for further administrative review. Plaintiff moved for an award of attorneys' fees and costs. For the following reasons, the Court grants Plaintiff's motion, with some modification. Familiarity with the Opinion, the underlying facts, and procedural history is assumed.

         **I.**   **Legal Standard**

  Under ERISA, "[i]n any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating [covered] rights." <u>Locher v. Unum Life Ins. Co. of Am.</u>, 389 F.3d 288, 298 (2d Cir. 2004).

In Hardt v. Reliance Standard Life Ins. Co., the Supreme Court held that an ERISA "fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees." Hardt, 560 U.S. 242, 255 (2010). Whether a plaintiff has obtained some degree of success on the merits "is the sole factor that a court *must* consider in exercising its discretion." Donachie v. Liberty Life Assur. Co. of Boston, 745 F.3d 41, 46 (2d Cir. 2014). Thus, once a court determines that a plaintiff has achieved some degree of success on the merits, it is not required to, but *may* in its discretion, consider other factors in determining whether to award attorneys' fees. Under those factors, known in this Circuit as the Chambless factors, a court may consider (1) the degree of opposing parties' culpability or bad faith; (2) the ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 872 (2d Cir. 1987).

A plaintiff "does not satisfy [the some success on the merits] requirement by achieving 'trivial success on the merits' or a 'purely procedural victory.'" However, she does satisfy it "if the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" Hardt, 560 U.S. at 255 (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 n. 9 (1983)). Courts in the Second Circuit have awarded fees to prevailing plaintiffs in ERISA actions based solely on achieving a remand for further consideration by the

2

administrative body. See Doe v. Unum Life Ins. Co. of Am., 2016 WL 335867, at *2 (S.D.N.Y. Jan. 28, 2016) (report and recommendation awarding legal fees), adopted in pertinent part, Doe v. Unum Life Ins. Co. of Am., 2016 WL 749886, at *1 (S.D.N.Y. Feb. 23, 2016); Wallace v. Grp. Long Term Disability Plan For Employees of TDAmeritrade Holding Corp., 2015 WL 4750763, at *1 (S.D.N.Y. Aug. 11, 2015) (remand for further consideration of whether condition was disabling constituted sufficient success on the merits to support an award of attorneys' fees).

At this juncture, because the case was remanded for further consideration, the Court finds that Plaintiff has achieved some success on the merits and thus, the Court declines to consider the Chambless factors. See Donachie, 745 F.3d at 46 ("a court *may*, without further inquiry, award attorneys' fees to a plaintiff who has had 'some degree of success on the merits'") (emphasis in original).

## II. Attorneys' Fees

Traditionally, to determine a reasonable attorney's fee, a court first calculates a "lodestar figure," which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). The lodestar creates a "presumptively reasonable fee" that roughly approximates the fee that the prevailing attorney would have received from billing a paying client on an hourly basis in a comparable case. Millea v. Metro–N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008).

3

A. **Reasonable Hourly Rate**

A reasonable hourly rate is "the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011) (quoting Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)). Generally, attorneys' fees are not "awarded at higher out-of-district rates unless 'a reasonable client would have selected out-of-district counsel because doing so would likely . . . produce a substantially better net result.'" Id. (quoting Simmons, 575 F.3d at 172). District courts in this circuit also consider the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92–93 (1989). See Arbor Hill, 522 F.3d at 190.

The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Arbor Hill, 522 F.3d at 186 n. 3 (quoting Johnson, 488 F.2d at 717–19).

Factors five and twelve, the customary hourly rate and awards in similar cases are "strong evidence of what the market will bear." Rozell v. Ross–Holst, 576 F.Supp.2d 527, 544 (S.D.N.Y.

2008); see also, e.g., Arbor Hill, 522 F.3d at 186 n.3, 190; Nunez v. Francis Deli Grocery, 2015 WL 1963630, at *7 (S.D.N.Y. Apr. 30, 2015) (attorney's customary hourly rate among factors to be considered in determining lodestar, quoting Arbor Hill); Bazignan v. Team Castle Hill Corp., 2015 WL 1000034, at *4 (S.D.N.Y. Mar. 5, 2015) (same); Magnuson v. Newman, 2014 WL 3767006, at *1 (S.D.N.Y. July 31, 2014) (same). The burden rests with the party seeking attorneys' fees to justify the reasonableness of the requested rate, and the party's attorney should establish his hourly rate with satisfactory evidence that includes the attorney's own affidavits." General Elec. Co. v. Compagnie Euralair, S.A., 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997).

In recent years, courts in this district have awarded rates in the range of $600 per hour for partners with approximately twenty years of experience in ERISA litigation, with rates and awards increasing over time. See, e.g., Guallpa v. N.Y. Pro Signs Inc., 2014 WL 2200393, at *9–10 (S.D.N.Y. May 27, 2014) (recommending a rate of $600 for a Vladeck Firm partner with 19 years of experience in employment litigation), report and recommendation adopted, 2014 WL 4105948 (S.D.N.Y. Aug 18, 2014); Demonchaux v. Unitedhealthcare Oxford, 2014 WL 1273772 at *7 (S.D.N.Y. Mar. 27, 2014) (approving $600 hourly rate for 2013 fees); Levitian v. Sun Life & Health Ins. Co. (U.S.), 2013 WL 3829623, at *8 (S.D.N.Y. July 24, 2013), report and recommendation adopted, 2013 WL 4399026 (S.D.N.Y. Aug. 15, 2013) (approving 2012 hourly rate of $600); Vilkhu v. City of New York, 2009 WL 1851019, at *4 (E.D.N.Y. June 26, 2009), vacated on other grounds, 372 Fed. App'x 222 (2d Cir. 2010) ("[R]ates awarded to experienced civil rights attorneys in the past ten years have ranged from $250 to $600 . . . with average awards increasing over time").

5

In this district, the range of awarded rates for associates with approximately five years of experience has been between $250 and $350. See e.g., Clark v. Gotham Lasik, PLLC, 2013 WL 4437220, at *7 (S.D.N.Y. Aug. 20, 2013) (noting that "recent opinions from the Southern District of New York have determined that reasonable hourly rates in this district are approximately $200–$350 per hour for associates.") (internal citations omitted); Kregler v. City of New York, 2013 WL 1869169, at *1 (S.D.N.Y. April 29, 2013) (awarding a rate of $300 per hour for an attorney with five and a half years' experience in employment litigation).

With regard to paralegals and non-attorney personnel, this district typically awards rates not to exceed $200 per hour. See Genger v. Genger, 2015 WL 1011718, at *2 (S.D.N.Y. March 9, 2015) ("New York district courts have also recently approved rates . . . for law firm paralegals in amounts of approximately $200 per hour . . ."); see also Capitol Records, Inc. v. MP3Tunes, LLC, 2015 WL 7271565, at *4 (S.D.N.Y. November 12, 2015) (describing $200 as "the high end of rates typically approved in this District" for non-attorney personnel).

Here, Plaintiff requests an hourly rate of $660 for Plaintiff's counsel, Michael Hiller, the lead attorney on the case, who is an ERISA specialist with over 25 years of experience. In his declaration, Mr. Hiller indicated that the requested rate of $660 is the rate he charges to his more than 100 hourly rate clients. Plaintiff also requests $570 per hour for the work of a senior attorney at the firm, David Rubinstein. With regard to associate billing, for Lauren Rudick, a former associate with twelve years of litigation experience, and Matthew Berman, an experienced senior associate who contributed limited work to the case, Plaintiff requests an hourly rate of $450; for the lead associate on the matter, Andrew Davis, Plaintiff requests an hourly rate of $285 for 2014 and $300 per hour for 2015. Finally, with regard to the paralegal and non-attorney support,

Plaintiff requests a range from $125 per hour to $190 per hour, depending on seniority and experience.

In support of these requested rates, Plaintiff points to several fee decisions as points of comparison. Defendant objects to the billing rates as unreasonably high. However, in light of the prevailing hourly rates in this district and all other factors set forth in Arbor Hill and Johnson, the Court concludes that the requested rates are reasonable and appropriate for all of the legal professionals that contributed to Plaintiff's case. In addition, the Court observes that, although many of the tasks billed are typically partner-level activities — such as mediation, negotiation, and motion practice — Mr. Hiller seems to have appropriately assigned the bulk of the work to his associate, Mr. Davis, which helped keep fees down. See Winkler v. Metro. Life Ins. Co., 2006 WL 2347826, at *2 (S.D.N.Y. Aug. 10, 2006) ("[A] failure to delegate work to junior, less expensive attorneys may be grounds for reducing an award of attorney's fees.") (quotation omitted).

### B.  Reasonable Hours

Having determined a reasonable hourly rate for Plaintiff's counsel, the Court must next determine whether the hours expended by counsel in this litigation were reasonable. "The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." Custodio v. Am. Chain Link & Const., Inc., 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994)). In general, applications for fee awards should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149,

173 (2d Cir. 1998). In particular, "hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)); see also Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.").

Here, Plaintiff's counsel has submitted a chart breaking down the cost of this litigation by phase for each legal professional involved in the case, which totals $257,528.00. In the breakdown, counsel listed certain work performed as "no charge," which discounted the total bill by $6,799.00, to a new total of $250,729.00.

Defendant objects to the amount of hours requested, arguing that the requested hours are inappropriate because (1) a portion of the time reflects litigation against co-defendants who are no longer in this case, (2) the hours from April 2, 2015 and April 20, 2015 concern refiling a summary judgment motion that allegedly failed to comport with the Court's rules, and (3) other hours relate to a declaration and documents that were allegedly submitted in violation of Federal Rule of Civil Procedure 26. The Court has closely reviewed plaintiff's billing records, and finds that a partial reduction in hours is warranted. First, Plaintiff requests reimbursement for fees incurred for litigating against co-defendants that are no longer in this case. Plaintiff initially brought this lawsuit against four different parties, one of which was Defendant Unum; early on in the case, the

three other parties were dismissed. Plaintiff's fees for litigating those dismissals, which total $1,456.50, should be deducted from the fees to be awarded to Plaintiff.

Next, with regard to Defendant's allegation that Plaintiff's summary judgment motion failed to comport with the Court's rules, a review of the transcript from the April 1, 2015 conference reveals that *both* parties were ordered to refile their papers because of mutual failures to conform to the Court's rules.

Finally, the Court agrees with Defendant's argument that Plaintiff's hours should be reduced in so far as the hours relate to preparing a declaration and documents that were allegedly submitted in violation of Federal Rule of Civil Procedure 26. It is well-settled that a district court's review under the arbitrary and capricious standard is limited to the administrative record and that it is erroneous to consider evidence outside the record. See Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995). Accordingly, it should have been clear to Plaintiff's counsel that the Court would not consider the declaration and documents. Therefore, the attorneys' fees and costs related to preparation and submission of the declaration and documents, totaling $25,911.50, should be deducted from the fees to be awarded to Plaintiff.

In sum, the Court is reducing Plaintiff's requested fees by $27,368.00 and awarding a total of $223,361.00.

### III. Costs

With regard to costs, "a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)). Under Local Civil Rule 54.1, "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred.'" D.J. ex rel. Roberts v. City of New York, 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) (quoting Local Civ. R. 54.1(a)), report & recommendation adopted, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012). Moreover, the "[b]ills for the costs claimed must be attached as exhibits." Id. Here, Plaintiff requests $6,560.48 for the following litigation costs: $280 for process service, $265.62 in administrative staff overtime, $400.00 in court filings, $146.60 in copying costs, $76.00 in faxes, $65.31 for an expert fee, $151.69 in FedEx charges, $26.72 in postage, $47.88 in transcript costs, $52.00 for travel, $25.50 for United Lawyer Service, $6,114.16 in electronic research costs, $160.00 in service fees, $177.30 in "research" costs, and $184.17 in miscellaneous costs.

First, for the reasons stated in the preceding section on reasonable hours, the costs for the "expert fee" would be inappropriate to award. Second, Plaintiff does not cite to any authority that would permit the Court to award the reported $265.62 in administrative staff overtime as a reasonable out-of-pocket expense incurred by attorneys and ordinarily charged to their clients. Thus, this amount should be deducted from the requested fees. Finally, the $177.30 in additional research costs unrelated to electronic research and $184.17 in unnamed miscellaneous costs are impermissibly vague and the Court is unable to review these costs for reasonableness. Therefore,

the Court concludes that these costs will not be awarded. Accordingly, the Court is reducing Plaintiff's requested costs by $692.40 and awarding a total of $5,868.08.

## IV.   Conclusion

For the reasons set forth herein, the Court awards Plaintiff $223,361.00 in attorneys' fees and $5,868.08 in costs.

**SO ORDERED.**

Dated:   February 3, 2017
         New York, New York

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**